IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(<u>Baltimore Division</u>)

| | |
|---|---|
| IN RE: | * |
| | |
| **JOHN MCDONNELL MCPHERSON,** | *   Case No.: 21-10205-MMH |
| | (Chapter 11) |
| Debtor. . | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY TO DEBTOR'S OPPOSITION TO MOTION OF
CAMAC FUND, L.P. FOR RELIEF FROM THE AUTOMATIC STAY
TO PERMIT CONTINUATION OF PENDING ARBITRATION PROCEEDING**

Camac Fund, L.P. ("Camac"), by and through its undersigned counsel, Alan M. Grochal, Richard L. Costella, and Tydings & Rosenberg LLP, hereby files its reply (the "Reply") to the Debtor's Opposition (the "Opposition") to Camac's Motion for Relief From the Automatic Stay to Permit Continuation of Pending Arbitration Proceeding (the "Lift Stay Motion"). In support of its Reply, Camac states as follows:

## BACKGROUND

**A.    The Funding Agreement and Arbitration.**

1. Central to Camac's Lift Stay Motion is a Litigation Funding Agreement (the "Funding Agreement") executed by the Debtor and Camac in 2018. A true and correct copy of the Funding Agreement is attached to the Lift Stay Motion as **Exhibit 1.**

2. The purpose of the Funding Agreement was to provide the Debtor with the capital necessary to fund his business operations, pursue whistleblower cases, and address certain outstanding liabilities.

3. The Funding Agreement includes an arbitration clause for any dispute arising thereunder.

4.      As discussed in detail in the Lift Stay Motion, the Debtor materially breached the Funding Agreement, and as a result, and pursuant to the arbitration clause contained therein, Camac submitted a Statement of Claim and Demand for Arbitration (the "Arbitration Demand") to the American Arbitration Association on September 30, 2020.  A copy of the Arbitration Demand is attached hereto as **Exhibit A.**

5.      The Arbitration Demand asserts purely state-law claims against the Debtor as follows: breach of contract, breach of the implied duty of good faith and fair dealing, and unjust enrichment.

6.      Fifteen days later, on October 15, 2020, the Debtor responded to the Arbitration Demand with Respondent's Challenge to Arbitrability and Answer to Demand for Arbitration (the "Answer").  A true and correct copy of the Answer is attached to the Lift Stay Motion as **Exhibit 2.**

7.      Twelve days after filing the Answer, the Debtor also filed a Counterclaim (the "Counterclaim"), on October 27, 2020. A true and correct copy of the Counterclaim is attached to the Lift Stay Motion as **Exhibit 3.**

**B.     The Bankruptcy and Lift Stay Motion.**

8.      A scheduling hearing was set for January 13, 2021 in the Arbitration, but after threatening to file for bankruptcy as a means to bring Camac toward a settlement, and just one day prior to the scheduling hearing in the Arbitration, the Debtor initiated this bankruptcy by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

9.      In response to the Debtor's bankruptcy filing, Camac filed the Lift Stay Motion seeking Court authority to continue to prosecute the Arbitration.

10.     The Debtor filed his Opposition to the Lift Stay Motion on March 4, 2021.

## **REPLY TO OPPOSITION**

11.     In further support of its Lift Stay Motion, Camac incorporates and adopts all of the factual and legal arguments set forth in its Motion to Abstain From Hearing Adversary Proceeding; Alternatively, Motion to Stay Adversary Proceeding that was filed by Camac in Adversary Proceeding No.: 21-00035 on March 25, 2021 (Dkt. No.: 6).

## **CONCLUSION**

12.     For all of the foregoing reasons, Camac respectfully requests that this Court lift the automatic stay of 11 U.S.C. §362(a) and permit the pending, pre-petition Arbitration between Camac and the Debtor to continue. As set forth in the Lift Stay Motion and this Reply, permitting the continuation of the Arbitration will not offend, disrupt, delay, or impede progression of this bankruptcy case.

Dated: March 27, 2021.                             Respectfully Submitted,

                                                               /s/ Richard L. Costella
                                                               Alan M. Grochal, Bar No.: 01477
                                                                Richard L. Costella, Bar No.: 14095
                                                                Tydings & Rosenberg LLP
                                                                One E. Pratt Street, Suite 901
                                                                Baltimore, Maryland 21202
                                                                Phone: (410) 752-9753
                                                                Fax: (410) 727-5460
                                                                Email: agrochal@tydings.com
                                                                         rcostella@tydings.com

                                                               *Attorneys for Camac Fund, L.P.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2021, copies of the foregoing ***REPLY TO DEBTOR'S OPPOSITION TO MOTION OF CAMAC FUND, L.P. FOR RELIEF FROM THE AUTOMATIC STAY*** were served via the Court's ECF filing system, and where indicated, by the U.S. Mail, postage prepaid, on the following:

Brent C. Strickland, Esq.
Paul M. Nussbaum, Esq.
Whiteford Taylor & Preston, LLP
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
bstrickland@wtplaw.com
pnussbaum@wtplaw.com

James Daniel Ford, Jr. (UST)
Office of the U.S. Trustee
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201
j.dan.ford@usdoj.gov

/s/ Richard L. Costella
Richard L. Costella, Esquire