IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(<u>Baltimore Division</u>)

| | | |
|---|---|---|
| **In re:** | * | |
| **JOHN M. MCPHERSON,** | * | **Case No.: 21-10205-MMH** |
| | | **(Chapter 11)** |
| Debtor. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING
EXAMINATION OF KATRINA A. MCPHERSON PURSUANT TO
<u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>**

Camac Fund L.P. ("Camac"), a creditor and party in interest, by and through its undersigned counsel, Alan M. Grochal, Richard L. Costella, and Tydings & Rosenberg LLP, files this reply brief in support of its motion for entry of an order authorizing Camac to examine the Debtor's wife, Katrina A. McPherson, pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Rule 2004 Motion"). In support, Camac states as follows:

**<u>Background</u>**

1.  On January 12, 2021 (the "Petition Date"), the Debtor, John M. McPherson, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and, pursuant to Sections 1107 and 1108 of the Bankruptcy Code, has continued in the possession of his property and management of his business as a debtor-in-possession.

2.  Katrina A. McPherson ("Ms. McPherson") is the Debtor's wife.

1

3. Since the Petition Date, as reflected on the monthly operating reports filed in this case, the Debtor has paid Ms. McPherson $72,000.[1] During the period in which Ms. McPherson has received money from the Debtor, the Debtor's total draws were $161,025. Consequently, nearly 45% of the money that the Debtor has generated since the Petition Date has been paid to Ms. McPherson.[2]

4. Despite repeated requests over the past twelve (12) months, and the Debtor's assertions to the contrary in his opposition to the Rule 2004 Motion, the Debtor has failed to produce documentation to substantiate the existence of a pending domestic proceeding or even a written separation agreement, despite the fact that Ms. McPherson has allegedly lived in New Jersey since August 2020.[3]

5. In the absence of any documentary evidence that there is a bona fide separation, and in the absence of any showing that payments of $6,000 per month to Ms. McPherson are reasonable, it appears that since the Petition Date, the Debtor has effectively transferred nearly forty-five percent (45%) of his income to his wife and out of the reach of creditors.

6. To determine whether the substantial payments made to Ms. McPherson were appropriate, or whether they represent avoidable transfers, Camac filed the Rule 2004 Motion.

**ARGUMENT**

Ms. McPherson has not filed a response to the Rule 2004 Motion. Instead, the Debtor has opposed the Rule 2004 Motion making initially two non-substantive arguments: (1)

---

[1] The Debtor has filed monthly operating reports through December 31, 2021. Additionally, financial information provided by the Debtor shows that an additional $2,000 was paid to Ms. McPherson directly by Mihaly McPherson Signorelli LLC ("MMS") on February 11, 2021.

[2] The Debtor is hardly flush with cash. In October 2021, he was forced to borrow $41,225 from MMS to pay expenses of the arbitration with Camac.

[3] The date that Ms. McPherson allegedly moved to New Jersey is unclear as reflected in the January statement from Bank of America that was attached to the Debtor's January monthly operating report, which lists the account as being jointly in the names of the Debtor and Ms. McPherson with an address of 3900 North Charles, Street, Apt. 1401, Baltimore, Maryland, 21218 (Dkt. 40).

he has never hidden the payments to his wife—they were disclosed on this monthly operating reports; and (2) Camac never inquired about these payments. Camac has never claimed that these payments were hidden.  The notion that Camac never raised the issue is ludicrous and incorrect. Camac has raised it at virtually every hearing before this Court and certainly at multiple hearings to consider the Debtor's Disclosure Statement and later his Amended Disclosure Statement.

Camac has argued that the Debtor needs to provide additional information since under the worst case scenario, creditors will receive a pittance under the Plan and therefore allowing 45% of his income to be paid to his wife is a significant event that requires explanation.  Despite repeated requests, no draft of the Disclosure Statement has offered such an explanation. Moreover, at the last status conference in this case on January 24, the Court raised the issue with Debtor's counsel since it was one of the open issues that had carried over from the prior status conference. Accordingly, the claim that Camac never requested information on the domestic situation between the Debtor and his wife is pure nonsense.

The Debtor raises one substantive issue, claiming that the filing of the Rule 2004 Motion violates this Court's stay orders.   However, the Debtor misreads the scope of the temporary stay orders in this case.  There are three (3) such orders—one staying further proceedings in Adversary No. 21-00035; one staying further proceedings in Adversary No. 21-00078; and one staying matters relating to the Debtor's Proposed Disclosure Statement and Plan (dkt. 154).  The purpose of these stay orders was to maintain the status quo on various substantive matters until the arbitration between the Debtor and Camac has been decided since some of the issues raised in the adversaries may be impacted by the arbitration and the content of the Disclosure Statement is definitely impacted by the issues pending in the arbitration.  The information sought in the

3

Rule 2004 Motion is independent of the two adversary proceedings and completely unrelated to the Disclosure Statement and Plan. Moreover, domestic issues are not part of the arbitration.

As noted above, this Court has temporarily stayed a number of substantive proceedings. The Rule 2004 Motion, on the other hand, is strictly an investigatory tool. Common sense suggests that it does not take parties in a real domestic proceeding 18 months to generate a property settlement agreement. The Debtor filed his Third Motion to Extend the Exclusive Solicitation Period on January 4, 2022 (dkt. 149). If the stay orders were as broad as the Debtor suggests, then the Debtor should have sought leave of Court to file that Motion. Because the Debtor needed additional time to turn over documents sought by Camac in the arbitration, the arbitration has been delayed and will not conclude until, at the earliest, April of this year.

Under the Debtor's interpretation of the temporary stay orders, the Debtor can continue to pay 45% of his monthly income to his wife without any oversight or justification. The Debtor has failed to provide a detailed explanation for this unorthodox arrangement whereby the Debtor's wife has received more than $70,000 since the Petition Date without any evidence of a pending divorce proceeding or even a property settlement agreement. The Debtor should not be permitted to continue to stonewall Camac's effort to investigate this inexplicable situation that is highly prejudicial to creditors.

To the extent that this Court views the Rule 2004 Motion as being covered by the Order Staying matters relating to the Debtor's Plan and Disclosure Statement, Camac requests that the Rule 2004 Motion be treated as a request for leave to proceed with its investigation of the Debtor's domestic situation.

WHEREFORE, for the reasons set forth in both the Rule 2004 Motion and in this reply brief, Camac Fund L.P. prays that this Court authorize an examination of Katrina A. McPherson pursuant to Rule 2004.

Dated:  February 9, 2022             /s/ Alan M. Grochal
                                          Alan M. Grochal, Bar No. 01447
                                          Richard L. Costella, Bar No. 14095
                                          Tydings & Rosenberg LLP
                                          1 East Pratt Street, Suite 901
                                          Baltimore, MD  21202
                                          (410) 752-9700
                                          agrochal@tydingslaw.com
                                          rcostella@tydingslaw.com

                                          *Attorneys for Camac Fund L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 9th day of February, 2022, I served a copy of the *FOREGOING **REPLY BRIEF IN SUPPORT OF MOTION OF CAMAC FUND L.P. FOR ORDER AUTHORIZING EXAMINATION OF KATRINA A. MCPHERSON PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004*** by CM/ECF or first class mail, postage prepaid, on parties set forth below:

    Brent C. Strickland, Esq.
    Paul M. Nussbaum, Esq.
    Whiteford Taylor & Preston, LLP
    111 Rockville Pike, Suite 800
    Rockville, Maryland 20850
    bstrickland@wtplaw.com
    pnussbaum@wtplaw.com

    James Daniel Ford, Jr. (UST)
    Office of the U.S. Trustee
    101 West Lombard Street, Suite 2625
    Baltimore, Maryland 21201
    j.dan.ford@usdoj.gov

    Laura S. Bouyea, Esquire
    Venable LLP
    750 East Pratt Street, Suite 900
    Baltimore, Maryland 21202

And by first class mail, postage prepaid on:

    Ms. Katrina A. McPherson
    1001 Whispering Way, Apt 67
    Aberdeen, New Jersey 07747-1978

                                                /s/ Alan M. Grochal
                                                Alan M. Grochal